UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

ENRIQUE GARCIA-GONZALEZ,

Defendant.

11-CR-406

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On July 11, 2011, Enrique Garcia-Gonzalez pled guilty to Count One of a single-count indictment, which charged that on November 8, 2010, the defendant, an alien who had previously been deported from the United States following conviction of a felony, was found in the United States without having first obtained the consent of the Secretary for Homeland Security of the United States, in violation of 8 U.S.C. § 1326(a), (b)(1).

Garcia-Gonzalez was sentenced on October 27, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be ten and defendant's criminal history category to be category IV, yielding a guidelines range of imprisonment of between fifteen and twenty-one months. The calculation of the total offense level included a two-point reduction for acceptance of responsibility. The guidelines range of fine was from $2,000 to $20,000.

Garcia-Gonzalez was sentenced to eighteen months of incarceration and three years of supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Garcia-Gonzalez has previously been removed or deported on numerous occasions. His extensive criminal history includes multiple convictions for crimes unrelated to his immigration status. While he is the father of a young son, who is a U.S. citizen, the defendant has not seen him or participated meaningfully in his support since the child was a year old. A sentence of eighteen months reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal reentry will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the defendant's subsequent deportation. A substantial sentence is required in light of the defendant's extensive prior history of illegal entry and removal.

Jack B. Weinstein
Senior United States District Judge

Dated: October 27, 2011
Brooklyn, New York